[Civil No. 256.   Filed April 15, 1893.]

[33 Pac. 944.]

THE SANTA RITA LAND AND MINING COMPANY, Plaintiff and Appellant, v. T. LILLIE MERCER, Defendant and Appellee.

1. MEXICAN GRANTS—EJECTMENT—UNCONFIRMED GRANT WILL NOT SUPPORT—ASTIAZARAN v. SANTA RITA ETC. MINING CO., 148 U. S. 80, 13 SUP. CT. REP. 457, FOLLOWED.—Title resting upon a Mexican grant, favorably reported upon by the surveyor-general, but not as yet acted upon by Congress, will not support an action of ejectment. *Astiazaran* v. *Santa Rita etc. Mining Co., supra,* followed.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Richard E. Sloan, Judge. Affirmed.

Haynes & Mitchell, for Appellant.

One entering upon a portion of a large tract of land under a deed from one having title to the whole, which describes the whole by metes and bounds, may maintain ejectment against a mere intruder who enters upon or who unlawfully withholds possession of any portion of the premises described in such deed, without proof of a *pedis possessio* of the part with-

held. *Prescott* v. *Nevers*, 4 Mason, 326, Fed. Cas. No. 11,390, 21 Myer's Fed. Dec., sec. 3722; *Clark* v. *Courtney*, 5 Pet. 319, 354; *Ellicott* v. *Pearl*, 10 Pet. 552; *Brobst* v. *Brock*, 10 Wall. 531; *Unger* v. *Mooney*, 63 Cal. 593, 49 Am. Rep. 100. The treaty entered into at the time of the Gadsen Purchase does not provide that any kind of a grant "shall be ratified and confirmed," but it does provide that "property of every kind shall be inviolably respected," except certain kinds of grants. The effect of the general guarantee was before the supreme court of California in an early case, the grant being one of the class excepted in the Gadsen Treaty, and Field, J., uses this language:—

"Under the former government, Sutter was entitled to the possession of his land under his grant; indeed, the conditions of occupation or cultivation attached to it. To avoid a denouncement and a possible forfeiture of his estate, he was required to cultivate or occupy the land, and its possession was his right, which could have been enforced under the Mexican government. It was the right to the use and enjoyment of property, and as such was guaranteed by the stipulation of the treaty. It accompanied his grant, and, like any other right of property, may be enforced in our courts. The grant conveying, as we have seen, the title carries with it the right of use, possession, and enjoyment of the land, until, by the appropriate action of the general government, the estate of the grantee is defeated, admitting that it is competent for the government to provide for defeating it. It follows that the action of ejectment will lie directly upon the grant to recover the land, or any portion thereof, embraced within its boundaries." *Ferris* v. *Coover*, 10 Cal. 621. This case is of particular force because the grant was of the usual eleven leagues within much larger boundaries, but the court held, not that the grantee must wait until the exact boundaries of his claim had been ascertained, but that he could maintain ejectment for the larger tract or any part of it until the government had set apart his eleven leagues. Judge Field, speaking of the same grant in a later case, said: "Indeed, it is a matter of surprise that there ever was any serious question as to the right of Sutter (the grantee), or those claiming under him, to recover by virtue of the grant itself." See, also, *Cornwall* v. *Culver*, 16 Cal. 426; *Mahoney* v. *Van-*

*winkle*, 21 Cal. 576; *Thornton* v. *Mahoney*, 24 Cal. 576; *Air-hart* v. *Massieu*, 98 U. S. 491.

Hereford & Lovell, for Appellee.

Plaintiff must show a legal title before it can maintain the action. "In an action of ejectment the plaintiff must recover, if at all, upon the strength of his own title; and the weakness of his adversary's title cannot avail him." *McNitt* v. *Turner*, 16 Wall. 352; *Watts* v. *Lindsey*, 7 Wheat. 158; *Marsh* v. *Brooks*, 8 How. 223; *Fussell* v. *Gregg*, 113 U. S. 550, 5 Sup. Ct. Rep. 631. "A plaintiff in ejectment, where the defendant is in possession, must show a valid legal title, and not merely an equitable one, to authorize a recovery. Where no such title is shown, defendant's possession is sufficient for his protection. *Morehouse* v. *Phelps*, 21 How. 294. Plaintiff has not established a legal or any title at all to the premises in question. Plaintiff claims under a Mexican grant, and alleges in its complaint that the surveyor-general of Arizona in 1880 recommended the same for confirmation.

The claim is therefore pending before Congress for its final determination as to the validity of the grant; and it necessarily follows that until Congress has finally acted, it is uncertain and undetermined whether plaintiff has any title or not. Congress may affirm or reject the claim. Congress constituted itself, in conjunction with the surveyor-general, a tribunal to pass upon and finally settle the title to Mexican land grants in this territory. No power or jurisdiction is conferred by the act of 1854 upon any other tribunal or court to determine the validity of such claims. "No jurisdiction over such claims in New Mexico was conferred upon the courts." *Maxwell Land Grant Case*, 121 U. S. 363; *Tameling* v. *United States Freeholder Co.*, 93 U. S. 662.

The plaintiff has shown that the question as to whether it has any title is still an open one, and pending before the only tribunal which can adjudicate it. This court cannot under the Maxwell case pass upon the validity of plaintiff's title, and, therefore, the plaintiff cannot recover in this action.

GOODING, C. J.—This was an action of ejectment brought by the appellant to recover possession of certain parcels of land described in the complaint. The case was tried by the

court, a jury having been waived, and the court made its findings and filed the same, and entered judgment for the defendant. The title of plaintiff rests upon a Mexican grant. The surveyor-general of Arizona had reported favorably on the grant, but the same had not been acted upon by Congress. The fifth finding reads as follows: ''That on the 21st day of September, 1881, all of the title of the said Sykes, and being on the premises aforesaid, became by good and sufficient mesne conveyances in the law, and was, vested in the Santa Rita Land and Mining Company, the plaintiff herein; and on the day and year last aforesaid the plaintiff entered into the possession of portions of said premises, under a deed describing the whole thereof by metes and bounds, according to the survey made thereof by the Mexican government, as described in the *expediente* aforesaid, and by the surveyor-general of Arizona aforesaid; and from that time the said plaintiff has been in the continuous and actual occupation of a part of the said premises, and since or about the 1st day of January, 1883, has been upon said premises with a large number of cattle, and has been engaged in the raising of cattle thereon.'' The sixth finding reads as follows: ''That plaintiff nor its grantors, John Curry and C. B. Sykes, nor either of them, were ever in the actual occupation of any part of the premises sued for in this action.'' The twelfth finding reads as follows: ''That neither plaintiff nor any of its grantors were ever in the actual occupation of any of the premises claimed by defendant at any time subsequent to the Gadsen Purchase, nor was it or any of its grantors ever actually dispossessed therefrom, or from any part thereof, by the defendant or his grantors.''

In the case of *Astiazaran* v. *Mining Co.*, 148 U. S. 80, 13 Sup. Ct. Rep. 457, the supreme court of the United States uses this language: ''In this case Congress has constituted itself the tribunal to finally determine, upon the report and recommendation of the surveyor-general, whether the claim is valid or invalid. The petition to the surveyor-general is the commencement of proceedings 'which necessarily involve the validity of the grant from the Mexican government, under which the petitioners claim title. The proceedings are pending until Congress has acted, and while they are pending the question of the title of the petitioners cannot be contested

in the ordinary courts of justice.' Upon this short ground, without considering any other question, the judgment of the supreme court of Arizona is affirmed."

We think the question in this case is the same as in the case from which we. have just quoted. The judgment of the court below will therefore be affirmed.

Kibbey, J., and Wells, J., concur.